Delage Larry SMITH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18646.

United States Court of Appeals Fifth Circuit.

Feb. 24, 1961.

Rehearing Denied April 12, 1961.

Delage Larry Smith, in pro. per.

Thomas R. Ethridge, U. S. Atty., Oxford, Miss., for appellee.

Before TUTTLE, Chief Judge, and CAMERON and WISDOM, Circuit Judges.

PER CURIAM.

This is an appeal from denial of a motion for a new trial treated by the district court, properly we think, as a motion under Section 2255 (28 U.S.C.A.).

In February 1959 the appellant waived prosecution by indictment and entered a plea of guilty to a one-count information on waiver of indictment charging him with illegally entering a bank with intent to commit a felony (18 U.S.C.A. § 2113(a)). In June 1959 appellant filed a motion under § 2255 to vacate, set aside, and correct the fifteen-year sentence imposed upon him. He contended that he was guilty only of larceny, which carries a maximum sentence of ten years (18 U.S.C.A. § 2113(b)), but not of unlawful entry, which has a maximum sentence of twenty years (18 U.S.C.A. § 2113(a)). This Court upheld the decision of the district court. Smith v. United States, 5 Cir., 1960, 273 F.2d 337.

The appellant now moves to vacate the sentence, alleging that he was deprived of his constitutional rights by threats made by state officers in order to force a confession; that he was improperly influenced by government agents, who advised him to plead guilty and not to employ an attorney because the district court would then sentence him to only five years' imprisonment on a guilty plea; that he did not intelligently waive his right of counsel as the result of an exertion of such influence; that his plea of guilty was made in ignorance of the significance of the plea. The district court found there was "no coercion, no inducement, no mistreatment, no over-reaching or persuasion on the part of any of the officers who dealt with this defendant, either to get him to confess, which is not an issue here, or to get him to waive his right to counsel or to get him to enter a plea of guilty". After considering the transcript of the arraignment and sentence proceeding in addition to the evidence presented, the district court held that "the defendant was fully advised with respect to his rights to counsel * * * understood what those rights were and he knowingly and intelligently waived them". Finally, the court found that the movant entered his plea of guilty with a full understanding of what he was doing. The trial judge pointed out that the defendant's court-appointed attorney ably represented the movant.

The Court has carefully considered the record, and is of the opinion that substantial evidence supports the judgment of the district court.

Appellant filed with this Court a motion for deposition and discovery, alleging that his attorney failed to represent him adequately, and asking this Court to take interrogatories. . The motion is

Denied.